# IN THE COURT OF APPEALS OF IOWA

No. 19-1307
Filed November 27, 2019

**IN THE INTEREST OF G.G.,**
**Minor Child,**

**C.G., Father,**
      Appellant,

**J.A., Mother,**
      Appellant.
_____

Appeal from the Iowa District Court for Osceola County, David C. Larson, District Associate Judge.

A mother and father separately appeal the termination of their parental rights to their child. **AFFIRMED ON BOTH APPEALS.**

Scott A. Johnson of Hemphill Law Office, PLC, Spencer, for appellant father.

Michael H. Johnson, Spirit Lake, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

Shannon Sandy of Sandy Law Firm, Spirit Lake, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and father separately appeal the termination of their parental rights to their child, born in 2011. They argue (1) the grounds for termination cited by the juvenile court were not supported by clear and convincing evidence, (2) termination was not in the child's best interests, and (3) the court should have invoked certain exceptions to termination and should have placed the child in a "temporary" guardianship with his aunt.

The court terminated parental rights pursuant to Iowa Code section 232.116(1)(f) (2019) and another provision. We may affirm if we find clear and convincing evidence to support either provision. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We will focus on section 232.116(1)(f), which requires proof of several elements, including proof the child cannot be returned to parental custody.

The parents have a long history of methamphetamine use. The department of human services first issued a founded child-abuse assessment in 2009 based on the mother's methamphetamine use.

In 2016, the department intervened again after learning of "inappropriate conduct between a school staff" person and the child who was the subject of the first proceeding. By this time, the mother had a second child, who is the subject of this proceeding.

The department learned that the mother and the father of the second child were injecting methamphetamine. The father acknowledged daily use, and the mother stated she used the drug on a weekly basis. The department also learned that the child witnessed domestic violence. Specifically, he watched the father assault the mother and watched as the police arrested the father.

Neither parent successfully completed inpatient drug treatment during the life of the case.[1]  The father testified he last used methamphetamine a little over two weeks before the termination hearing.  He was asked if the child could safely be returned to his custody.  He responded, "No.  I need some help first."  The mother was asked the same question.  She responded, "No."  She admitted her history of methamphetamine use dated back to at least 2009 and continued until just a few days before the termination hearing, albeit with a period of sobriety in between.  She also admitted to not having lasted more than seventy-two hours in inpatient rehabilitation programs despite her understanding that completion of a program was critical to reunification.  On our de novo review, we conclude the State proved the child could not be returned to parental custody at the time of the termination hearing.

The State also proved termination was in the child's best interests.  *See* Iowa Code § 232.116(2).  The father testified he had been struggling with his addiction "for a little while now."  When asked whether he recognized he would be a danger to his child if he were using drugs, he responded, "Oh, for sure."  The mother similarly admitted she exposed the child to danger by driving with him while under the influence of methamphetamine.  There is simply no question the child's safety would have been compromised had he been returned to parental custody. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010).

Finally, we agree with the district court's refusal to invoke exceptions to termination based on the department's placement of the child with a relative and

---

[1] The father testified he completed a rehabilitation program in South Dakota before the current proceedings began.

the bond the parents shared with the child.  *See* Iowa Code § 232.116(3)(a), (c). The court weighed the child's "need for permanency against relative placement with continued reunification efforts" and opted for a permanent solution—transfer of guardianship and custody over the child to his aunt for purposes of adoption. The parents' testimony alone crystallizes the appropriateness of the court's decision.  Both were asked if the child should have to wait until they became clean and sober.  Both responded, "No."  We affirm the termination of parental rights to the child.

**AFFIRMED ON BOTH APPEALS.**